## SLOAN LUMBER CO. v. ADAMS.

### No. 14284.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 31, 1941.

Elton M. Hyder, of Fort Worth, for appellant.

Richard Owens, of Fort Worth, for appellee.

BROWN, Justice.

A contractor by the name of Buster Moon had a contract to do some work on an apartment house in Fort Worth, Texas, and he made a written contract with appellee, Dewey Adams, whereby he agreed to pay Adams $150 to do the finishing work on the cement job that was a part of the contract.

Adams was not paid, and he brought suit in a justice of the peace court against Sloan Lumber Company, a private corporation, alleging, orally, that a check in the sum of about $1,400 was delivered to Moon and was endorsed by Moon and turned over to the Lumber Company under the following circumstances: That one Harms, the authorized agent of the Lumber Company, agreed with Moon that if Moon would endorse the check to the Lumber Company, the said Company would pay appellee Adams the $150 Moon owed him.

The cause was appealed to the County Court at Law No. 2 of Tarrant County, where the pleadings were also oral.

The trial court, trying the cause to a jury, submitted two issues: "(1) Do you find from a preponderance of the evidence that W. C. Harms at the time Buster Moon endorsed the check in question said that Sloan Lumber Company would pay the full amount owing to the plaintiff Dewey Adams?" The jury answered "Yes". The other issue is immaterial to a decision by us, it being an issue relating to the character of the work done by Adams.

The testimony disclosed that Moon assigned his contract rights to the Lumber Company in order to induce such Company to sell him the materials necessary for completing the job.

The testimony further shows that the check in question was made payable to Sloan Lumber Company and Moon because of the assignment made by Moon as aforesaid. The testimony not only failed to show that Harms was such an officer or agent of the Lumber Company as that he had the authority to bind the corporation, but that such authority was expressly denied by Harms when he was produced as a witness by the plaintiff.

No issue of the agency and authority of Harms was submitted to the jury or requested by the plaintiff.

We do not feel that in this case it is necessary for us to discuss the question of the necessity of submitting to the jury the issue of the alleged agency and authority of Harms to bind Sloan Lumber Company. We do know that the better practice is to submit all controlling issues.

Be that as it may, we are of opinion that where a necessary issue is not submitted to the jury, and necessarily not determined by the jury in the verdict, it

cannot be held that the trial court found such unsubmitted issue unless the evidence before the court will sustain the finding.

There is no evidence tending to show that Harms had the authority to make the agreement relied upon by the plaintiff for a'recovery; the evidence is all to the contrary.

Furthermore, although Moon testified that he signed the · assignment to Sloan Lumber Company, no such assignment was introduced in evidence.

■ If Moon made the assignment of his rights under the contract to the Lumber Company, we are of opinion that there could be no consideration for the alleged agreement that Harms is supposed to have made with Moon.'

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded.